(No. 4663—

WHITE ELECTRIC COMPANY, A CORPORATION, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed September 28, 1956.*

CARL H. WILSON, Attorney for Claimant.

LATHAM CASTLE, Attorney General; THOMAS G. CRONIN, Assistant Attorney General, for Respondent.

FEARER, J.

White Electric Company, A Corporation, filed its complaint in this Court on January 17, 1955. Attached to the complaint, marked exhibit A, and made a part thereof, was a contract with the State of Illinois to construct for the Department of Public Works and Build-

ings a State Police Radio Station near Rock Island, Illinois. A portion of the contract price, namely $4,179.45, was paid to claimant on September 29, 1953, leaving a balance due of $1,357.55, which is the basis for the claim filed in this Court.

At the time of the hearing before the Commissioner a stipulation was entered into, which, in substance, stipulated that White Electric Company on April 13, 1953 entered into a certain agreement with the State of Illinois, contract No. 67877, for the complete furnishing and installation of the emergency power plant and connections at the Illinois State Police Radio Station near Rock Island, Illinois; that White Electric Company commenced work under said contract on September 2, 1953, and completed the work under said contract on January 4, 1954; that the work under said contract was approved by the Department of Public Works and Buildings, and that said contract called for a total payment in the amount of $5,537.00, of which the sum of $4,179.45 was paid on the 29th day of September 1953; that the balance due under said contract is $1,357.55, which has not been paid to claimant, the reason being that the money appropriated by the Illinois Legislature for said contract lapsed prior to the time of completion of the contract, and was not reappropriated by the Legislature; that no work remains to be done under said contract, and that the agents of the State of Illinois have expressed approval and satisfaction with the material, style, and the work performed by claimant under said contract.

The only witness called by claimant was Mr. Joseph P. Krouth, Vice-President and Supervising Engineer of claimant. He testified to substantially the same facts as set forth in the stipulation. In addition thereto, he testi-

fied as to the reason for the delay in commencing work from April until September 2, 1953. He stated claimant had to wait for the prints and approval thereof by the state architect in regard to the emergency generator set, and that, after that was cleared, the plant of the manufacturer, who was supplying the emergency unit, was on strike. In the contract there was a closing date as to when the contract was to be completed, which was ninety days, but that his company did not have full agreement with the State of Illinois until sometime in September. In the meantime the company had negotiated with the state in regard to the starting of work in September of 1953, and the work was finally completed on January 4, 1954. He further testified that at that time the Division of Architecture and Engineering approved the work done in accordance with the contract.

He identified claimant's exhibit No. 2, which was offered and received in evidence. This was a letter dated February 10, 1954, which had been received on February 11, 1954, and was written by Louis H. Gerding, Supervising Architect. In this letter Mr. Gerding explained that his office had been advised by the Department of Public Safety that, inasmuch as the funds appropriated in the 67th biennium to cover the cost of work at the above captioned project were not reappropriated, and had lapsed September 30, 1953, consequently no funds were available to make payment with regard to this contract during the 68th biennium, and suggested that suit be filed with this Court.

The witness also testified that the claim had not been assigned, that the balance due thereunder had not been paid, and that demand had been made therefor.

Claimant's exhibit No. 1, being the contract sued upon, was offered in evidence.

Respondent did not offer any testimony, but offered in evidence its exhibit No. 1, which was a letter written by Louis H. Gerding, Supervising Architect, to the Attorney General of the State of Illinois. In this letter the Supervising Architect explained that as late as June 17, 1953, which was 64 days after notification of the award, the final plans were still not agreed upon by the State of Illinois and the White Electric Company. He cited this merely for the purpose of showing that it would have been impossible for the White Electric Company to have completed their work within the ninety calendar days, as provided for in the contract. On August 12, 1953, the Division of Architecture and Engineering wrote a letter to the White Electric Company notifying them that funds for the project concerning this contract would lapse on September 30, 1953. On August 18, 1953, the White Electric Company notified the Division of Architecture and Engineering that the contract could not be completed until 80 days after September 15, 1953. The contract was completed, and the work performed with full knowledge and acceptance of the Department of Public Safety subsequent to the lapsing of funds on September 30, 1953. The Department, in some manner or other, failed to list this project on their list for reappropriations, and a reappropriation was not obtained by the Department of Public Safety. The work relative to this contract was completed subsequent to the lapsing of the funds on September 30, 1953, and was done in a satisfactory manner. The work was inspected by the Department, and has been approved.

Previously, this Court had occasion to go into the law on a motion filed by respondent to strike the complaint. In December of 1953, an order was entered by this Court overruling respondent's motion. No additional briefs and arguments were filed by either claimant or respondent. However, at the time the motion to strike was filed by respondent, briefs and arguments were filed by both sides. In our order we discussed at length points and authorities cited by both claimant and respondent. Respondent contended that the work performed under the contract and the resulting expenses were incurred subsequent to the period in which the appropriation was effective; that, under Sec. 19, Art. IV of the Constitution, the General Assembly is prohibited from authorizing the payment of any claim or part thereof created against the state under any agreement or contract made without express authority of law. All such unauthorized contracts or agreements are null and void as being made without express authority of law. Furthermore, it contended that the instant claim was based on a void agreement, and said services were performed when no appropriation was in existence, therefore unauthorized, and no award can be made for such payment.

At the time of the passing upon the sufficiency of the complaint raised by the motion, and the points and authorities cited at that time, we were of the opinion then, and are still of the opinion, that the contract was authorized by law, and funds were appropriated and set aside with which to pay the contract price upon completion, approval and acceptance of the building by the Department of Public Safety.

Sec. 19 of Art. IV of the Constitution is referred to in the case of *Fergus* vs. *Brady,* 277 Ill. 272. This

section of the statute only prohibits the General Assembly from authorizing the payment of any claim, or part thereof, created against the state under any agreement or contract made without express authority of law. In that case reference was made to the provision, which authorized claims made under authority of law, and it said:

"In Sec. 19 claims under any agreement or contract made by express authority of law are excepted, and, if there is some particular and specific thing which an officer, board or agency of the state was required to do, the performance of the duty is expressly authorized by law."

At the time the contract was entered into, there were sufficient funds appropriated to pay the full contract price, and no questions have been raised as to whether or not the services performed were satisfactory, and the contract completed in accordance with the terms, plans and specifications set forth therein.

An award is hereby made to claimant, White Electric Company, A Corporation, in the amount of $1,357.55.